In re Bryan W. PEARSON, Debtor.

Bankruptcy No. 86–03351–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Dec. 19, 1986.

Dennis P. Sheppard, Miami, Fla., for debtor.

James B. McCracken, Fort Lauderdale, Fla., Trustee.

## ORDER REINSTATING CHAPTER 13 CASE, DISCHARGING DEBTOR'S ATTORNEY, AND SETTING HEARING RE. ATTORNEY FOR DEBTOR'S COMPENSATION

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard upon the debtor's motion to vacate and/or reconsideration of order dismissing case for failure to file chapter 13 statement and plan.

The motion filed by debtor's counsel recites that the debtor's failure to file the plan was a result of debtor's attorney's inadvertence and excusable neglect. The court disagrees. The motion further admits that debtor's attorney has not undertaken a bankruptcy petition in a number of years and was not aware of the chapter 13 statement and plan requirements. Counsel states further that he relied upon the advice given by the assistant clerks in the Bankruptcy Court Clerk's office who told him that he had submitted all required forms and schedules and that the forms and schedules were purchased at an office supply store pursuant to the *clerk's* instructions.

In paragraph 4 of the motion, debtor's attorney states that he does not wish to unduly prejudice his client due to *his* inadvertence and excusable neglect.

It appears that counsel for the debtor not only knows little about bankruptcy but knows little about the Code of Professional Responsibility. In particular, the Code of Professional Responsibility requires that attorneys not undertake engagements for services where they are not qualified to represent their clients. See, Cannon 6: "A lawyer should represent a client competently, and DR 6–101:

"Failing to Act Competently

(A) A lawyer shall not:

"(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

(2) Handle a legal matter without preparation adequate in the circumstances."

If an inquiry to the Clerk's office was all that was required to navigate across the stormy sea of bankruptcy, then no debtor would have any need or use for an attorney.

It is outrageous that an attorney, who has achieved a law degree and obtained admission to the Florida Bar publicly admits that he practices based on advice of assistant court clerks and products available in a stationery store.

█ The instant case is not a matter of inadvertence or excusable neglect but one of a breach of the Code of Professional Responsibility and attorney malpractice.

█ It would be tragically unfair to punish a client, particularly a client in an insolvency situation whose only hope for relief is a petition in bankruptcy, for the sins of their counsel.

Accordingly, it is **ORDERED** as follows:

1. The chapter 13 petition of Bryan W. Pearson, debtor, is hereby reinstated conditioned upon said debtor filing a chapter 13 plan in this cause immediately and making appropriate payments to the trustee as required by chapter 13 procedure within ten days of the date of this order.

2. The court will hold a hearing to determine the value of the services of Dennis P. Sheppard in this cause pursuant to 11 U.S.C. § 327 to determine whether or not any portion of the compensation paid to said attorney should be returned to the debtor.

█ 3. The attorney, by virtue of his own admission, is found disqualified to practice in the Bankruptcy Court for the Southern District of Florida and is ordered discharged as counsel for the debtor in this cause. Dennis P. Sheppard is hereby enjoined from further practice in the United States Bankruptcy Court for the Southern District of Florida until such time as said attorney has filed with the court a certificate establishing that he has completed a minimum of nine hours of continuing legal education in the area of bankruptcy together with the attorney's affirmative statement that he is now conversant with bankruptcy matters and qualified to represent a client in bankruptcy matters in accordance with DR 6–101 and EC 6–1, 6–2, 6–3 and 6–4, as promulgated by the Florida Bar. At that time he may apply for dissolution of this injunction.

4. The hearing on the issue of valuation of compensation pursuant to 11 U.S.C. § 327 is set for *Monday, January 5, 1987, in the U.S. Courthouse, Courtroom No. 206A, 299 East Broward Boulevard, Fort Lauderdale, Florida.*